930 F.2d 35
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Jesse L. RILES, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, M.D., Secretary of Health & Human
Services, Defendant-Appellee.
 No. 90-6264.
 United States Court of Appeals, Tenth Circuit.
 April 10, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Claimant appeals the magistrate's order of June 14, 1990, affirming the Secretary's denial of claimant's application for disability insurance benefits. Claimant applied for disability benefits on December 31, 1985, alleging he had been disabled due to problems with his back and right leg since October 31, 1984. Although claimant did not assert it as a basis for disability in his application for benefits, the record showed that claimant also had been blind in his right eye since 1974 as the result of a gunshot wound.
 
 
 3
 Claimant's attempt to secure disability benefits from the Secretary followed a long and winding road that ended with the Appeals Council's decision on February 26, 1990, denying him benefits. The Appeals Council adopted the findings and conclusions of the administrative law judge's (ALJ) recommended decision of August 14, 1989, including his findings that claimant is unable to perform his past relevant work, but retains the residual functional capacity to perform sedentary work so long as it does not require bilateral vision, and his conclusion that claimant is not disabled, based on his residual functional capacity, age, education, and work experience. Claimant sought review in the district court of the Secretary's denial of benefits. With the parties' consent, the district court referred the action to a magistrate for disposition. The magistrate affirmed the denial of benefits in a lengthy memorandum opinion, and this appeal followed.
 
 
 4
 Claimant raises the following issues on appeal: (1) whether the Secretary gave proper weight to the treating physician's reports; (2) whether the medical adviser overstepped the bounds of appropriate testimony; (3) whether the Secretary evaluated claimant's subjective allegations of pain properly; (4) whether the Secretary overlooked claimant's nonexertional impairments, specifically, his pain, use of a cane, and loss of eyesight, and improperly applied the grids in deciding whether claimant was capable of substantial gainful employment; and (5) whether substantial evidence supports the Secretary's decision that claimant is capable of substantial gainful employment.
 
 
 5
 We must uphold the Secretary's decision if it is supported by substantial evidence and if the correct legal standards were applied. Frey v. Bowen, 816 F.2d 508, 512 (10th Cir.1987). In reviewing claimant's arguments, we are mindful that the only decisions before us for review are those of the ALJ on August 14, 1989, and the Appeals Council on February 26, 1990, which comprise the Secretary's final decision on claimant's application. The propriety of any earlier administrative decision is not before us.
 
 
 6
 Based upon our thorough review of the record, see Broadbent v. Harris, 698 F.2d 407, 414 (10th Cir.1983), the parties' briefs on appeal, and the pertinent law, we conclude the district court properly affirmed the decision of the Secretary denying claimant's application for disability insurance benefits.
 
 
 7
 The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3